UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JASON LAVET BETHUNE, | Case No. 19-cv-3122 (JRT/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| INDEPENDENT SCHOOL DISTRICT 196 and EAGAN POLICE DEPARTMENT, | |
| Defendants. | |

This case comes before the Court on Plaintiff Jason Levet Bethune's Complaint [Doc. No. 1], Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") [Doc. No. 2], and motion seeking the appointment of a trustee and/or receiver ("Trustee Motion") [Doc. No. 3].  For the following reasons, the Court recommends dismissing this action without prejudice for lack of jurisdiction and denying as moot both the IFP Application and the Trustee Motion.

## I.   BACKGROUND

Plaintiff filed this action on December 19, 2019.  (Compl. 1.)  He names two defendants:  Independent School District 196 ("the District") and the Eagan Police Department ("EPD").  (Compl. at 1–2.)

The suit's focus is the death of Patricia Bethune, Plaintiff's mother.  (*See id.* at 4.)  With respect to the District, Plaintiff's allegations appear to involve interactions between Ms. Bethune and a district employee.  (*See id.*)  According to the Complaint, a "[b]us

company employee"—presumably a District employee—"revived" Ms. Bethune after encountering her at an unspecified location, but then, "[i]nstead of calling [an] ambulance right away," the employee "walked [Ms. Bethune] to [the] back of [the] [b]us to die." (*Id.*) Plaintiff alleges that his family has been told that the relevant employee may have acted out of a desire to avoid scaring children on the bus. (*See id.*) As for the EPD, Plaintiff alleges that it "failed to make [a] report and [ask] questions" about Ms. Bethune's death, and that it never filed any charges concerning the incident. (*Id.*)

For relief, Plaintiff seeks $22 million in monetary compensation and also asks that "criminal charges . . . be looked into." *Id.*

Plaintiff did not pay this action's filing fee; instead, he filed the IFP Application. He also filed the Trustee Motion, which asks the Court to appoint a trustee and/or assign a receiver in this action. (Trustee Mot. 1.) Plaintiff states that he has certain disabilities that might affect his ability to prosecute this action; thus, he asks that a trustee and/or receiver should be appointed to ensure that "justice is served in this case." (*Id.* at 2.)

## II.   ANALYSIS

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." After reviewing the Complaint, the Court concludes that it lacks subject-matter jurisdiction over this action.

As a starting point, the Court observes that Plaintiff does not specify any particular cause of action that he means to press against the Defendants. Given its duty to construe *pro se* filings liberally, *see Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849

(8th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court will offer its best assessment of the claims that Plaintiff means to press.  With respect to the District, the Court believes that Plaintiff is trying to bring a wrongful-death claim, and perhaps also a negligence claim.  As for the EPD, the Court believes that the Complaint's best construction is that Plaintiff seeks to sue the EPD for negligence.

Under this construction of the Complaint, all of Plaintiff's claims in this action arise from state law rather than federal law.  *See, e.g.*, *Johnson v. Brady*, No. 19-cv-0169 (JRT/LIB), 2019 WL 4935517, at *4 (D. Minn. Aug. 26, 2019) (explaining that negligence is generally a state-law cause of action), *R. & R. adopted*, 2019 WL 4934088 (D. Minn. Oct. 7, 2019); *Evenstad v. Pawlenty*, No. 19-cv-1902 (SRN/HB), 2019 WL 7593237, at *3 (D. Minn. Aug. 21, 2019) (same for wrongful-death cause of action), *R. & R. adopted*, 2019 WL 5288288 (D. Minn. Oct. 18, 2019).  This brings to the fore whether this Court has subject-matter jurisdiction over this action.

Federal subject-matter jurisdiction may arise as federal-question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.  *See, e.g.*, *Briks v. Yeager*, No. 19-cv-0001 (NEB/LIB), 2019 WL 2119560, at *2 (D. Minn. May 15, 2019); *Soltan v. Coburn*, No. 09-cv-0478 (JRT/FLN), 2009 WL 2337134, at *3 (D. Minn. July 23, 2009).  The Complaint asserts that the basis for federal jurisdiction here is federal-question jurisdiction.  (*See* Compl. 3.)  The Court must conclude to the contrary, however.  Federal-question jurisdiction is based on an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Such jurisdiction exists either when (1) "federal law creates the cause of action" or (2) "the plaintiff's right

3

to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983). Here, federal law plainly does not create the relevant causes of action, and nothing in the Complaint suggests that Plaintiff's right to relief hinges on any "substantial question of federal law." As a result, federal-question jurisdiction does not exist.[1]

Nor, for that matter, does diversity jurisdiction. Under 28 U.S.C. § 1332(a)(1), in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" In this action, Plaintiff seeks $22 million in compensation, so the so-called amount-in-controversy requirement appears to be met. But the parties here are not "citizens of different states"; rather, Plaintiff and both Defendants are all Minnesota citizens. (*See* Compl. at 1–2.) As a result, this Court lacks diversity jurisdiction.

With both federal-question jurisdiction and diversity jurisdiction lacking, and the Court unaware of any other plausible jurisdictional ground, the Court concludes that it lacks subject-matter jurisdiction over this action. The Court thus recommends that this action be dismissed without prejudice. Given this recommendation, the Court also recommends that the IFP Application and the Trustee Motion be denied as moot.

---

[1] In addition to checking the box for federal-question jurisdiction, Plaintiff handwrote that Minn. Stat. § 573.02 provided a basis for jurisdiction. (Compl. 3.) That statute concerns the appointment of trustees to bring actions on behalf of deceased individuals. It is a *state* law, however, not a federal one, so it cannot provide a basis for federal subject-matter jurisdiction.

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

2. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] be **DENIED as moot**.

3. Plaintiff's motion seeking the appointment of a trustee and/or receiver [Doc. No. 3] be **DENIED as moot**.

Dated: February 27, 2020            s/ *Hildy Bowbeer*
                                    Hildy Bowbeer
                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).